ALFRED STIEDLER, RESPONDENT, v. THE PENNSYLVA-
NIA RAILROAD COMPANY, APPELLANT.

Submitted December 8, 1919—Decided March 1, 1920.

1. Where an employe of defendant was engaged in his employment
of painting a pole used by defendant in its electric railroad opera-
tion, in interstate commerce, between Manhattan transfer and
the city of New York, and was injured by the negligent act of a
co-employe, the case falls within the provisions of the Federal
Employers' Liability act, which eliminates the negligence of a
fellow-employe as a defence to an action under the act.
2. The federal act does not include a classification of "casuals" in-
cluded in the exception to liability contained in the state act.
3. Rule 110 of the Supreme Court, which provides that the trial
court "may" submit certain specific written inquiries of fact to
the jury, is not intended to deprive the court of its discretion as
to procedure in such matters and is not mandatory.
4. The questions of obvious risk, and the resulting constructive neg-
ligence of the defendant, by reason of the negligence of the fellow-
servant under the testimony, *held* to be jury questions.

On appeal from the Hudson County Circuit Court.

For the respondent, *Alexander Simpson.*

For the appellant, *Vredenburgh, Wall & Carey.*

The opinion of the court was delivered by

MINTURN, J. While employed by defendant company as a
painter at Homestead, in the painting of a metal pole, in use
by defendant, for the purpose of carrying its electric wires
between New York City and the Manhattan transfer station,
in this state, by means of which the cars of the company were
operated in interstate commerce, the plaintiff met with the
accident complained of, and this suit was instituted under
the provisions of the Federal Employers' Liability act to re-
cover for the consequent damages.

The situation presented was that a co-laborer, in the work
of painting the pole, was located beneath the plaintiff, and his

duty it was to paint the opposite side of the pole to that which the plaintiff was engaged in painting. Instead of pursuing that method of performing his work, however, he proceeded to paint directly under the plaintiff without plaintiff's knowledge, the result of which was that while in the act of attempting to descend, the plaintiff placed his foot upon one of the cross pieces or lattice work of the pole, reached out for his paint pot, his foot slipped upon the wet paint and he fell backwards. In the effort to recover himself his hands came in contact with the live wires connected with the pole, and from that contact he received an electric shock which necessitated the amputation of his arm and otherwise injured him.

The gravamen of the case manifestly presented the negligence of a fellow-employe. The jury found for the plaintiff, upon which verdict judgment was entered, and from which judgment this appeal is taken. It is contended that the action was not properly brought under the federal statute. We think it was subject to the federal act, for the reasons we have expressed in *Tonsellito* v. *New York Central Railroad Co.*, 87 *N. J. L.* 651.

The cases there referred to, and particularly *Pederson* v. *Delaware, Lackawanna and Western Railroad,* 229 *U. S.* 146, present the rationale which evince the distinctions upon which the provisions of that act are called into operation, and become applicable to the case at bar. Nothing can be gained by a further elaboration of the subject except to remark that upon the test laid down in the Pederson case, and the cases which have followed it, this plaintiff was engaged in work upon the upkeep and preservation of an instrumentality of interstate commerce.

As the learned Chief Justice remarked in *Lincks* v. *Erie Railroad Co.*, 91 *N. J. L.* 168, the test is whether the particular work upon which the employe was engaged at the very time of the accident was a part of the interstate commerce in which the carrier was engaged. To the same effect, *Louisville, &c., Railroad* v. *Netherson,* 175 *Ky.* 159; *Coal V. C. R. Co.* v. *Deal,* 231 *Fed. Rep.* 604. To the same effect see

*Southern Pac. Ry. and Ind. Acc. Co., No. 6, Adv. Sheets U. S. Repts., p.* 154, February 1st, 1920.

It is also contended that no or not sufficient negligence was proven, and that plaintiff assumed the risks incident to his work.

We think there was ample proof in the case from which a jury might infer negligence upon the part of the co-employe. Such negligence is contemplated as the basis for an action under the federal act; and the common law doctrine of assumption of risk from the negligence of fellow-servants is thereby abolished, and the plaintiff's contributory negligence presents merely a basis for the reduction of damages, based upon the rule heretofore peculiar to admiralty. (Section 3 of the act.) *Santomassimo* v. *New York, Susquehanna and Western Railroad Co.,* 92 *N. J. L.* 10; *Grybowski* v. *Erie Railroad Co.,* 88 *Id.* 1; affirmed in this court, 89 *Id.* 361.

These adjudications are also declarative of the proposition that upon a state of facts no more cogent or persuasive than that submitted in the case at bar, the determination of the question of negligence was properly submitted to the jury.

It is urged also that the plaintiff was an employe of the class that our Employers' Liability act terms "casual." While we do not find it necessary to refute that argument, as applied to the state legislation, we deem it sufficient to state as dispositive of its application to the case at bar, that the federal act contains no such exception. This court has, in an opinion by Mr. Justice Trenchard, held, that the words "employed" and "employe" as contained in the federal act must be given a meaning in consonance with the natural sense of the language employed, and that the words are intended "to describe the conventional relation of employer and employe." *Drago* v. *Central R. R. Co.,* 93 *N. J. L.* 176.

At the time of the accident, the plaintiff was one of a gang of men "employed" by the defendant in this character of work, and that status brings him within the designation of an "employe" under the terms of the federal legislation.

Nor can it be said as a matter of law that it was an obvious risk, which the plaintiff incurred, if we accord to the word "obvious" its natural and settled legal meaning, but under any aspect of that situation the question was properly for the jury. *Norton* v. *Seaboard Air Line,* 233 *U. S.* 492, &c.

It is finally urged that because the trial court declined to submit to the jury certain written questions, for the purpose of obtaining their judgment upon certain phases of fact in the case, under the provisions of rule 110 of the Supreme Court, the judgment should be reversed. The rule in question provides that "the court may request the jury to return answers to written questions, embracing the disputed facts in issue, and the amount of damages."

Under certain well-defined limitations, the discretion of the trial court from time immemorial, in matters of procedure has necessarily, for the practical expedition of justice, been left untrammeled and unshackled by any hard and fast rules. 1 *Bouv.* 581, and cases cited.

The rule in question, therefore, upon consideration of its language, is not mandatory, and was not intended to take from the trial court this necessary legal privilege, but leaves it optional with the court, in view of the circumstances of the particular case, to apply the rule or refrain from utilizing its provisions.

We think the motion for a nonsuit was properly refused, as well as the direction of a verdict, and that the case was properly submitted to the jury.

The judgment will therefore be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, TAYLOR, ACKERSON, JJ. 12.

*For reversal*—None.